FAX or Internet
_____

# UNITED STATES DISTRICT COURT
## for the
### District of Arizona

In the Matter of the Search of          )
*2006 Chevrolet Silverado bearing Arizona*  )
*license plate VT6K2 with VIN*          )   Case No. 21-4231 MB
*#2GCEK13T061237483; parked at Summit*  )
*Funeral Home in St. Michaels, Arizona*  )

## ELECTRONICALLY ISSUED SEARCH AND SEIZURE WARRANT

To:   Any authorized law enforcement officer.

An application by a federal law enforcement officer for the government requests the search of the following person or property located in the   District of Arizona
*(identify the person or describe the property to be searched and give its location)*:

### SEE ATTACHMENT A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:

### SEE ATTACHMENT B

I find that the affidavit(s), or any recorded testimony, have been communicated by reliable electronic means and establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before   August 20, 2021
                                                                *(not to exceed 14 days)*

[ ] in the daytime 6:00 a.m. to 10 p.m.    [X] at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the search warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave a search warrant copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge
_____Camille D. Bibles_____.
              *(Name)*

[ ] I find that immediate notification may have an adverse result as specified in 18 U.S.C. §3103a (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*  [ ] for _____ days *(not to exceed 30)*.
                                                                  [ ] until, the facts justifying, the later specific date of _____.

Date and Time Issued: _____    **Camille D. Bibles**  Digitally signed by Camille D. Bibles
                                                                 Date: 2021.08.06 13:41:43 -07'00'
                                          _____
                                                      *Judge's Signature*

City and State:   Flagstaff, Arizona      Honorable Camille D. Bibles, U.S. Magistrate Judge
                                          _____
                                                   *Printed Name and Title*

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |

Inventory made in the presence of :

Inventory of the property taken and name of any person(s) seized:

### Certification

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing Officer's Signature*

_____
*Printed Name and Title*

FAX or Internet

# UNITED STATES DISTRICT COURT
for the
District of Arizona

In the Matter of the Search of:
*2006 Chevrolet Silverado bearing Arizona license plate VT6K2 with VIN #2GCEK13T061237483; parked at Summit Funeral Home in St. Michaels, Arizona*

) 
) 
) Case No. 21-4231 MB
) 

## ELECTRONIC APPLICATION FOR SEARCH AND SEIZURE WARRANT

I, <u>FBI Special Agent Ryan Gowdy</u>, a federal law enforcement officer for the government, request an electronic search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

**See Attachment A.**

located in the District of Arizona, there is now concealed *(identify the person or describe the property to be seized):*

**See Attachment B.**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

[X] evidence of a crime;

[ ] contraband, fruits of crime, or other items illegally possessed;

[ ] property designed for use, intended for use, or used in committing a crime;

[ ] a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 1153 and 1111 | Murder (Indian Country) |

The application is based upon the following facts:

[X] Continued on the attached sheet (see attached **Affidavit**).

[ ] Delayed notice _____ days (give exact ending date if more than _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

Reviewed by: *s/ AUSA Emma Mark*

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Executed on: 8/6/21

*R. Gowdy*
*Applicant's Signature*

Ryan Gowdy, FBI Special Agent
*Printed Name and Title*

**Sworn by Telephone**
Date/Time: _____

Date: _____

City and State: Flagstaff, AZ

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2021.08.06 13:42:20 -07'00'
*Judge's Signature*

Camille D. Bibles,
United States Magistrate Judge
*Printed Name and Title*

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA

**ELECTRONICALLY-SUBMITTED AFFIDAVIT**

I, Ryan Gowdy, Special Agent of the Federal Bureau of Investigation, state under oath as follows:

1. Your Affiant has been a Special Agent (SA) with the FBI since March 2016. As a SA of the FBI, I am an "investigative or law enforcement officer" within the meaning of 18 U.S.C. § 2510(7), that is, I am an officer of the United States who is authorized by law to conduct investigations of, and make arrests for, offenses enumerated in Title 18. Your Affiant's duties include the investigation of violent crimes occurring within Indian Country in the District of Arizona. Your Affiant has investigated homicides, assaults, sexual assaults, and kidnappings, cases both as the case agent and as a co-case agent.

2. The statements contained in this Affidavit are based in part on information gathered by your Affiant and other law enforcement officers, either directly or indirectly through their reports or affidavits, surveillance conducted by law enforcement officers, and information provided by witnesses. Your Affiant also relies on his experience, training, and background as a Special Agent with the FBI in evaluating this information, and on your Affiant's own work on this case.

3. Because this Affidavit is being submitted for the limited purpose of obtaining a search warrant, your Affiant has not included every fact known to your Affiant concerning this investigation. Your Affiant has set forth only the facts

- 1 -

necessary to establish probable cause to support issuance of the requested search warrant.

### Introduction

4. As more fully detailed below, this case involves the murder of P. T. On August 4, 2021, Navajo Nation Criminal Investigator Samantha Yazzie notified your Affiant that P. T. was found deceased inside his hogan. The murder occurred on the Navajo Nation Indian Reservation (Indian Country) in the District of Arizona.

5. This Affidavit supports the application for a search warrant seeking evidence of a violation of Title 18, United States Code, Sections 1153 and 1111. The proposed warrant, more specifically described in **Attachments A and B**, is seeking authorization to search P.T.'s truck, a bronze 2006 Chevrolet Silverado, Vehicle Identification Number (VIN) 2GCEK13T061237483, Arizona license plate VT6K2, which was located at the scene.

### Investigation

6. On August 4, 2021, your Affiant interviewed Leonard Earl, a family member of P.T. Around 10:45AM on August 4, 2021, Earl went to the hogan belonging to P.T. Earl was bringing food scraps to the hogan for P.T.'s dogs.

7. When Earl arrived at the hogan, he noticed two vehicles at the residence, including the bronze truck. Both vehicles belonged to P.T., and the bronze truck had multiple boards leaned up against the side. Earl described the boards as suspicious.

8. Earl knocked on the door of the hogan but did not get a response. Earl went to a different door, a screen door, and entered the residence. Upon entering the hogan, he saw a body on the floor, which he believed was P.T. Earl noted the body was not breathing, at which point he contacted the police.

9. Paramedics responded to the scene and pronounced P.T. dead. Navajo Nation Police Officer Kara Tilden entered the residence with paramedics around 11:29AM on August 4, 2021. Officer Tilden observed the arms and legs of P.T.'s body tied together with rope, and the hood of his sweatshirt pulled over his head. Officer Tilden saw a red substance on the hood of the sweatshirt, which appeared to be blood.

10. Your Affiant interviewed family members, friends, and neighbors of P.T. They stated P.T. would often sit in his truck throughout the day and listen to satellite radio. P.T. kept important documents and money inside the bronze truck. In addition, P.T. often slept in the bronze truck. Family members, friends, and neighbors had also never seen boards placed around the bronze truck as they had been placed on the day of the murder.

11. On August 6, 2021, the FBI searched vehicle records for cars associated with P.T. The records indicated P.T. owned a bronze 2006 Chevrolet Silverado, Vehicle Identification Number (VIN) 2GCEK13T061237483, Arizona license plate VT6K2. This is the same bronze truck which was located at the scene of the murder.

### Things to be Searched for and Seized

12. Based on the foregoing, your Affiant submits there is probable cause to believe that evidence pertaining to the death investigation of P.T., as described in **Attachment B** will be found in P.T.'s bronze truck.

13. Your Affiant knows when people drive and/or occupy motor vehicles they often leave personal items inside (*e.g.*, mail, identification, clothing, clothing fibers, drinks or food items they have consumed). Furthermore, based on my training and experience, your Affiant knows that people leave fingerprints both inside and outside a vehicle when they occupy it. For example, the occupants may touch the door/handles when entering and exiting. They also may touch the vehicle's windows and controls (*e.g.*, steering wheel, shift lever, stereo controls, and the like). Similarly, based on my training and experience, your Affiant knows that vehicle occupants may leave hairs from their person (or other DNA evidence such as saliva on a cigarette butt or bottle, trace amounts of skin, or even blood) or fibers from their clothing in the car. For example, hair naturally falls off or may get stuck in something like a seatbelt. Similarly, when people occupy a vehicle, often times there is trace evidence, hair fibers or other DNA evidence (*e.g.*, skin) stuck or lodged in the seats and floors of the vehicle. Likewise, clothing fibers may get stuck or left in a car when riding in it.

14. Based on your Affiant's training and experience, I also know that indicia of ownership or use of a vehicle is important in a criminal case. Such

-4-

information may help establish the location of a crime, people located in the vehicle during the commission of a crime, potential suspects, and potential witnesses. Based on my training and experience, indicia of ownership and use includes such things as ownership documents such as registration, tax records, the title to the vehicle, maintenance records, mail that may be left in the vehicle, and photographs of the owners or occupants of the vehicle to be searched. Based on your Affiant's training and experience, I also know that indicia of ownership or use may be established through electronic devices left in the vehicle to be searched—including cell phones, smart phones, lap top computers, ipads, tablets and other electronics.

15. Based on my training and experience, I know that items used to injure or kill the victim will create DNA evidence that may be left at the scene or transferred to other locations the perpetrator and/or victim occupy. Based on my training and experience, I know that such evidence may last for years – particularly if imbedded or dripped on a vehicle seat or floor, on the carpet of the vehicle, or on the interior or exterior of the vehicle. For example, blood may soak into such items and even after drying it can be detected and later analyzed in a laboratory setting. In this case, P.T.'s body was bloody. Likewise, fibers, hair, clothing, and tissue can and are likely to imbed in things like fabric or carpet (such as in a vehicle's seats or carpet). Based on my training and experience, forensic evidence as described above can be very useful in evidencing where the incident occurred and potentially who was involved in such crimes.

## Conclusion

16. This affidavit was sworn telephonically before a United States Magistrate Judge legally authorized to administer an oath for this purpose. Based on the foregoing, I request that the Court issue the proposed search warrant because there is probable cause to support that violations of federal law have occurred as described above. I respectfully submit that there is probable cause to believe that evidence described in **Attachment B**, which constitutes evidence of violation of 18 U.S.C. §§ 1111 and 1153, is likely to be found in P.T.'s truck, which is particularly described in **Attachment A**.

Pursuant to 28 U.S.C. § 1746(2), I declare that the foregoing is true and correct to the best of my knowledge and belief.

_____     *R. Gowdy*
Executed on (Date)                Ryan Gowdy
                                  Special Agent
                                  Federal Bureau of Investigation

Sworn by Telephone

Camille D. Bibles
Digitally signed by Camille D. Bibles
Date: 2021.08.06 13:41:10 -07'00'

Date/Time: _____

HON. CAMILLE D BIBLES
United States Magistrate Judge

## ATTACHMENT A

## PROPERTY TO BE SEARCHED

2006 Chevrolet Silverado, Vehicle Identification Number (VIN) 2GCEK13T061237483, Arizona license plate VT6K2; located at Summit Funeral Home, St. Michaels, Arizona.

7

## **ATTACHMENT B**

## **ITEMS TO BE SEARCHED FOR AND SEIZED**

1) Items, materials, or objects on or in the vehicle – including but not limited to articles of clothing, cloths, rags, vehicle seat, vehicle seat covers, flooring (*e.g.*, carpet), and other interior and exterior surfaces of the vehicle – that appear to or may contain fingerprints, trace evidence such as fibers, DNA evidence, including blood, substances that appear to be blood, tissue (e.g., skin), and hair. It may be necessary to remove or cut out portions of seats, mats, upholstery, or other materials or objects in order to seize these materials for offsite forensic analysis. It may also be necessary to "dust" or use other forensic processes on portions of the vehicle or its contents.

2) Sharp objects or weapons, including but not limited to knives or other weapons that could have been used in the murder.

3) Any cleaning materials or other objects that may evidence concealment of the murder.

4) Sums of money, including cash, which may have belonged to the victim.

5) Cell phones, electronic media, or computers, including but not limited to iPhones, smartphones, laptops, and iPads. (Any such electronic devices located may be

8

seized, and separate search warrant(s) may be sought to search their contents to the extent applicable.)

6) Indicia of occupancy, ownership, or use of the vehicle, including documents such as registration, title to the vehicle, maintenance records, and mail left in the vehicle, tax records, bills of sale, and photographs showing occupants in or with the vehicle.

7) Photographs of the vehicle and the things/areas searched and/or seized.

9